UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEVIN S. LEWIS,<br><br>    Defendant. | CR. 17-50155-JLV<br><br>ORDER |

On August 15, 2018, the court entered judgment in this criminal case. (Docket 51). The court deferred restitution for 90 days. Id. at p. 4. The government timely filed a legal memorandum seeking restitution for Travelers, an insurance company which paid Dakota Plains Legal Services ("DPLS") for a portion of the loss it incurred by defendant's criminal conduct. (Docket 53). Mr. Lewis filed a brief indicating he took no position on the government's request. (Docket 55).

In the plea agreement, Mr. Lewis "agree[d] to pay restitution to the Dakota Plains Legal Services in the amount of $21,138.25[1] pursuant to 18 U.S.C. §[§] 3663 and 3663A." (Docket 31 ¶ I). The government filed a victim impact statement from DPLS which indicated Travelers, the insurance carrier for DPLS, paid $20,128.60. (Docket 47).

Restitution is required under the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3663A. At sentencing the court ordered Mr. Lewis to pay $1,000 restitution to DPLS, which reflected the deductible amount of its loss not paid by its insurance carrier. (Docket 51 at p. 4).

---

[1]Based on the amount paid by the insurance carrier and DPLS's deductible, the total loss is $21,128.60. (Docket 53 at p. 1 n.1).

Section 3664(j)(1) of Title 18 provides:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

18 U.S.C. § 3664(j)(1). The United States Court of Appeals for the Eighth Circuit "interpreted section 3664(j)(1) and the MVRA as providing for direct, mandatory restitution to a private insurer where a victim receives compensation for its losses from that insurer." United States v. Schmidt, 675 F.3d 1164, 1168 (8th Cir. 2012). See also United States v. Fonseca, 790 F.3d 852, 854-55 (8th Cir. 2015); United States v. Mancini, 624 F.3d 879, 882 (8th Cir. 2010).

Accordingly, good cause shown, it is

ORDERED that Travelers is entitled to restitution of $20,128.60.

IT IS FURTHER ORDERED that the restitution due to Travelers shall be paid after restitution to DPLS of $1,000 has been paid in full.

IT IS FURTHER ORDERED that Mr. Lewis does not have the ability to pay interest, so the court will waive the interest requirement in this case.

IT IS FURTHER ORDERED that payment of the total restitution shall be due in regular quarterly installments of 50 percent of the deposits in the defendant's inmate trust account while the defendant is in custody, or 10 percent of the defendant's inmate trust account while serving custody at a Residential Reentry Center. Any portion of the monetary obligation not paid

in full prior to the defendant's release from custody shall be due in minimum monthly installments of one hundred dollars ($100), such payments to begin sixty (60) days following the defendant's release from custody.

IT IS FURTHER ORDERED that until restitution is fully paid, Mr. Lewis must notify the United States Attorney for the District of South Dakota within thirty (30) days of any change in residential or mailing address or any change in his economic circumstances.

IT IS FURTHER ORDERED that defense counsel shall advise Mr. Lewis that he has only fourteen (14) days from the date of the court's entry of the amended judgment to appeal to the United States Court of Appeals for the Eighth Circuit.

IT IS FURTHER ORDERED that the United States Probation and Pretrial Services Office shall prepare an amended judgment consistent with this order.

IT IS FURTHER ORDERED that the Clerk's Office shall provide a copy of this order to the United States Probation and Pretrial Services Office.

Dated November 6, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE